UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKATA RAO KILARI,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES;<br>UR MENDOZA JADDOU, Director of<br>U.S. Citizenship and Immigration Services;<br>ALEJANDRO MAYORKAS, Secretary of<br>U.S. Department of Homeland Security;<br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY;<br>MERRICK B. GARLAND, Attorney<br>General of the United States,<br><br>    *Defendants*. | Case No. _____<br><br>**COMPLAINT FOR WRIT OF**<br>**MANDAMUS AND COMPLAINT**<br>**UNDER ADMINISTRATIVE**<br>**PROCEDURE ACT** |

## INTRODUCTION

1. Plaintiff Venkata Rao Kilari seeks an order compelling Defendants to adjudicate his pending application for adjustment of status, or lawful permanent residency.

2. On April 7, 2020, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status. *See* Exhibit A. His wife, Tiffany Ann Kilari, concurrently filed a Form I-130, Petition for Alien Relative (Form I-130) on his behalf. *See* Exhibit B.

3. On August 3, 2021, Plaintiff was interviewed by Defendant United States Citizenship and Immigration Services (USCIS) in connection with these applications. *See* Exhibit C.

4. On August 6, 2021, the Form I-130 was approved. *See* Exhibit B.

1

5. Plaintiff contacted Defendant USCIS multiple times, requesting adjudication of his I-485 application.

6. Defendant USCIS' refusal to adjudicate Plaintiff's application is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## JURISDICTION AND VENUE

7. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570.

8. This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331, 28 U.S.C. § 2201, the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 702 and 706(1), and the Mandamus Act, 28 U.S.C. § 1361.

9. Venue is this judicial district is proper under 28 U.S.C. § 1391(e)(1)(A) because this is a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## PARTIES

10. Plaintiff Venkata Rao Kilari is a citizen and national of India who currently resides in Liberty Hill, Texas.

11. Defendant U.S. Citizenship and Immigration Services ("USCIS") is the agency within the U.S. Department of Homeland Security ("DHS") which is responsible for adjudicating I-485 applications. USCIS implements federal law and policy with respect to immigration benefits applications. USCIS's headquarters resides within the District of Columbia.

12. Defendant Ur Mendoza Jaddou is the Director of USCIS. As the Director, Defendant Jaddou has been delegated the authority to direct the administration of USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration of non-citizens. Defendant Jaddou is responsible for USCIS's policies, practices, and procedures, and oversees the USCIS officers responsible for adjudicating Plaintiff's I-485 application. Defendant Jaddou is sued in her official capacity.

13. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security ("DHS"). DHS is the federal agency encompassing USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of non-citizens. In his official capacity as Secretary, Defendant Mayorkas has the responsibility of the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103(a). Defendant Mayorkas is sued in his official capacity.

14. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal Government responsible for immigration-related services (U.S. Citizenship and Immigration Services or "USCIS"), enforcement (Immigrations and Customs Enforcement of "ICE"), and investigations (Homeland Security Investigations or "HIS"), among other duties. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefits applications. DHS's headquarters resides within the District of Columbia.

15. Defendant Merrick B. Garland is Attorney General of the United States. In this capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. Defendant Garland is sued in his official capacity.

**FACTUAL ALLEGATIONS**

16. A noncitizen who is married to a U.S. citizen may apply for adjustment of status, which is an application for lawful permanent residency, or a green card. 8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1255.

17. Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status on April 7, 2020. To date, he has not received a decision on his I-485 application.

18. Plaintiff has been waiting for more than two years for a resolution on his application. His multiple inquiries have not resulted in the processing of his application.

19. Other numerous applications for adjustment of status as an immediate relative filed long after Plaintiff's application have been processed.

20. Plaintiff's application is unreasonably delayed.

21. USCIS is a fee-funded agency. Plaintiff paid $1,225.00 to USCIS for the processing of his application for adjustment of status. *See* Exhibit A.

22. According to 8 U.S.C. § 1571(b),

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

Clearly, Congress did not contemplate an adjudication time of two (2) years or more.

23. Plaintiff is not asking this Court to order USCIS to approve his pending application for adjustment of status; instead, Plaintiff is merely asking this Court to order USCIS to adjudicate his application.

24. If for some reason USCIS has delayed adjudication of Plaintiff's case because Plaintiff presents a security risk to the United States, then it behooves USCIS to determine if this is the case quickly since Plaintiff is in the interior of this country.

**CAUSES OF ACTION**

## COUNT ONE

## MANDAMUS ACT

25. Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-24 above.

26. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

27. Defendants have a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status.

28. Plaintiff has no other adequate remedy available to him to compel Defendants to adjudicate his application.

## COUNT TWO

## ADMINISTRATIVE PROCEDURE ACT

29. Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in paragraphs 1-24 above

30. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action unreasonably delayed.

31. By failing to render a decision on Plaintiff's Form I-485, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to adjudicate Plaintiff's I-485 application for adjustment of status within 30 days of the Court's order;

(3) Grant reasonable attorney's fees and costs as provided under the Equal Access to Justice Act and the APA; and

(4) Grant Plaintiff such further relief as the Court deems just and proper.

DATED this 15th day of June, 2022:

      /s/ Mika B. Kozar, Esq.
Mika B. Kozar, Esq. (Bar ID: NJ028)
Law Office of Thomas V. Allen, PLLC
P.O. Box 517
Monmouth Junction, NJ 08852
Tel: (732) 832-7978
Fax: (609) 288-7733
mika@tvalawyers.com
Counsel for Plaintiff

## TABLE OF EXHIBITS

**Exhibit A:**   Receipt Notice, Form I-485, Application to Register Permanent Residence or Adjust Status

**Exhibit B:**   Approval Notice, Form I-130, Petition for Alien Relative

**Exhibit C:**   Interview Notice, Form I-485, Application to Register Permanent Residence or Adjust Status